UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11111-RWZ

MARQUES CARR-LAQUIDARA

v.

CIRCUSTRIX HOLDINGS, LLC and
FUN SPOT MANUFACTURING, LLC

MEMORANDUM & ORDER

December 8, 2020

ZOBEL, S.D.J.

Plaintiff sues defendants for grievous injuries suffered at a Sky Zone trampoline park in Westborough, Massachusetts. Defendant Fun Spot Manufacturing, LLC ("Fun Spot") built the Sky Zone trampoline park. CircusTrix Holdings, LLC ("CircusTrix") is a Utah-based limited liability company that purchased the Westborough Sky Zone fourteen months after plaintiff's accident.[1] CircusTrix moves to dismiss for lack of personal jurisdiction. Plaintiff moves to remand, opposed by CircusTrix, but not by Fun Spot.

I.   **Motion to Dismiss**

a. Standard of Review

When determining personal jurisdiction, a district court may choose from among several methods outlined in Boit v. Gar–Tec Products, Inc., 967 F.2d 671, 674–679 (1st Cir.1992). I review this case under Boit's prima facie standard. Under that test, plaintiff has the burden of establishing that jurisdiction over the defendant lies in the forum state.

---

[1] This fact is offered by defendant, but plaintiff did not contest it at the hearing held on November 10, 2020.

1

See Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007). To meet that burden, he cannot rest upon the pleadings, but is "obliged to adduce evidence of specific facts." Foster–Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir.1995). The court takes "those specific facts affirmatively alleged by the plaintiffs as true and construe[s] them in the light most congenial to the plaintiff['s] jurisdictional claim." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (quoting Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)). The court also considers uncontested facts offered by defendant. Id.

b. Discussion

This is a diversity action, see 28 U.S.C. § 1332(a), over which the court's authority is bounded by Federal Rule of Civil Procedure 4(k). The case against defendant may be heard if it is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." See Fed. R. Civ. P. 4(k)(1)(a). When relying on a long-arm statute, plaintiff must show that jurisdiction is authorized by state statute and consistent with the U.S. Constitution. See Platten, 437 F.3d at 135. "The Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as coextensive with the outer limits of the Constitution." Id. (citing "Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp., 280 N.E.2d 423, 424 (Mass. 1972).

Under the Constitution's due process clause, a defendant must have sufficient "minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

A plaintiff may assert general or specific jurisdiction over the defendant. Here, he argues the latter. The existence of specific jurisdiction is determined by a three part test: "(1) whether the claim directly arises out of, or relates to, the defendant's forum state activities; (2) whether the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable; and (3) whether the exercise of jurisdiction is reasonable." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 35 (1st Cir. 2016) (quoting C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014)). An affirmative answer to each inquiry is required for specific jurisdiction to attach. Id.

Plaintiff fails on the first question. The First Circuit "steadfastly rejects the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." Harlow v. Children's Hosp., 432 F.3d 50, 60 (1st Cir. 2005) (quoting United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). The defendant's in-state conduct "must form an important, or at least material, element of proof in the plaintiff's case." Id. Said otherwise, "due process demands something like a proximate cause nexus." Id. at 61 (quoting Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg., 295 F.3d 59, 65 (1st Cir. 2002)). Plaintiff's injury cannot be said to have arisen out of defendant's in-state contacts because, as plaintiff admits, CircusTrix did not acquire the Sky Zone until fourteen months after the accident.

3

Plaintiff nonetheless argues that CircusTrix can still be liable under a theory of successor liability. The general rule in Massachusetts is that successor liability imposes liability on a purchasing corporation if "(1) the successor expressly or impliedly assumes liability of the predecessor, (2) the transaction is a de facto merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor." Guzman v. MRM/Elgin, 567 N.E.2d 929, 931 (Mass. 1991). No evidence has been presented of any of these conditions.

Because the court cannot exercise personal jurisdiction over CircusTrix, Counts I-IX are dismissed.

## II.  Motion for Remand

With all counts against CircusTrix dismissed, its opposition to plaintiff's motion to remand is moot. Because Fun Spot does not oppose the motion, the remaining counts are remanded to state court.

## III.  Conclusion

The Motion to Dismiss (Docket # 10) is ALLOWED. Counts I-IX are dismissed. The now unopposed Motion to Remand (Docket # 14) is ALLOWED.

December 8, 2020
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE